Dennis Gewant DBA Atlas Judgment Recovery
269 S Beverly Dr, Ste 102, Beverly Hills, CA 90212
Tel: 310-276-4900 / Fax: 310-273-6432
Email: atlasjudgmentrecovery@gmail.com
Assignee of Record, Creditor, and Plaintiff, Pro Se

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re Richard Irving Levinson and Lisa Marie Levinson,<br><br>Debtors<br><br>    Dennis Gewant DBA Atlas Judgment Recovery,<br><br>    Plaintiff,<br><br>    v.<br><br>Richard Irving Levinson and Lisa Marie Levinson,<br><br>    Defendants | Case No.: 2:22-BK-15330-WB<br>Chapter 7 Proceeding<br>Adv. Proc. No. 2:22-AP-01218-WB<br>DC NO.: DG-2<br><br>**PLAINTIFF DENNIS GEWANT'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date/Time: June 6, 2023, 2:00 PM<br>Courtroom: 1375<br>Judge: Hon. Julia W. Brand<br><br>Filed Concurrently with:<br>- Statement of Genuine Issues<br>- Declaration of Dennis Gewant |

## A. INTRODUCTION/SUMMARY

The record here is clear and ample under bankruptcy law, as applied in California, to support a complete denial of the Motion.

As a threshold matter, the Motion is improper. A motion under FRCP 56/FRBP 7056 must "[identify] each claim or defense — or the part of each claim or defense — on which summary judgment is sought". Res judicata and claim or issue preclusion are not parts of any of the claims or defenses in this case. Instead they are principles that govern whether a burden of proof has already been met with regard to any of the claims. Res judicata could have been a defense if the Defendants had won the state court case, but they didn't.

Plaintiff Gewant informed Defendants through counsel that Gewant intended to file his own motion for summary judgment, yet Defendants chose not to wait for that. Instead they have evidently tried once again to raise Gewant's costs by filing an unnecessary and mostly frivolous motion. Perhaps the Court can save itself the time of reading further.

Nonetheless, Gewant files this full-fledged Response out of an abundance of caution. His own motion for summary judgment will follow soon, making many of the same points made here.

Judge Irving S. Feffer in the original Los Angeles state court case *necessarily decided* that the elements of common law fraud, including its *scienter* requirement, were met. If Judge Feffer had not so decided, he could not have found – as he did – that the Levinsons were liable "on all counts plead [*sic*]," specifically including "fraud" with no modifier in front of that word. *State Court Judgment*, Ex. 3 to the Motion.

The Motion admits (10:7-9) that the elements of fraud are the same (a "mirror image") under California state law as under bankruptcy law. Any set of facts that would support a

---

PLAINTIFF DENNIS GEWANT'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

finding of garden-variety fraud under California state law, as occurred here, would also support such a finding under California bankruptcy law.

Moreover, Judge Feffer also *necessarily decided* that all the elements of the alleged violations of California Business & Professions Code (BPC) 17200 AND 17500 were met. Only if he had so decided, would Judge Feffer have awarded treble damages to punish and deter that conduct and attributed that award to violations of BOTH those Codes.

The Motion does not discuss BPC 17500, which explicitly states intent as an element that, again, is consistent with that requirement under bankruptcy law. The Motion discusses BPC 17200 in depth, but only *mentions* BPC 17500, *totally ignoring its content*. This is understandable, in view of how devastating that content is to the Defendants' position. Still, the omission and the false summary statement violate the Code of Professional Conduct, FRBP 9011, and 28 USC 1927. The Motion's statement that no finding of intent is established by the state court judgment is an *intentional untruth*, and should be punished by this Court by more than a simple denial of the Motion.

The Defendants' other arguments are also not just weak, but are in most cases frivolous. Consistent with the Answer, the Defendants' Motion denies the clear import of the state court judgment's explicit findings. The Motion makes up nonexistent legal requirements out of whole cloth. Lady Justice's blindfold is "understood to represent impartiality, the ideal that justice

should be applied without regard to wealth, power, or other status"[1]; it is not meant as a model for counsel to turn a blind eye to the undeniable facts of the case and the laws that clearly govern it.

Lesser violations include the failure to authenticate any of the exhibits, and the failure to make all the exhibits computer-searchable.

To minimize his costs and respect the Court's time, Gewant has decided not to file a motion for sanctions. Instead, he presents his case on the merits here and will do so more thoroughly in his own motion for summary judgment. This Court can decide *sua sponte* how harshly to punish the Defendants and their counsel for their multiple, obvious, and undeniable violations of rules that are intended, with good reason, "to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1/FRBP 1001.

Respectfully submitted this 7 day of April, 2023.

Plaintiff Dennis Gewant

---

[1] https://en.wikipedia.org/wiki/Lady_Justice

PLAINTIFF DENNIS GEWANT'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

4

**TABLE OF CONTENTS**

A.  INTRODUCTION/SUMMARY ................................................................................. 1

TABLE OF CONTENTS ........................................................................................ 5

TABLE OF AUTHORITIES ................................................................................... 6

B.  THE MOTION IS IMPROPER ......................................................................... 8

DEFENDANTS' MOTION IS PROCEDURALLY IMPROPER AND FAILS TO SHIFT

THE BURDEN OF PROOF ..................................................................................... 8

C.  ISSUE PRECLUSION APPLIES .......................................................................... 10

1.  The issue under § 523(A)(2)(A) is identical to that decided in the state court action 11

2.  The issue was actually litigated .............................................................. 12

3.  The issue was necessarily decided .......................................................... 12

4.  The decision was final and on the merits ................................................. 13

5.  The parties against whom preclusion is sought are the same ................................. 13

6.  Application of issue preclusion is consistent with relevant public policies ............. 13

D.  DETAILED RESPONSES TO THE MOTION ........................................................... 14

E.  CONCLUSION ................................................................................................ 31

1

**TABLE OF AUTHORITIES**

**Cases**

*Ambat v. City & County of San Francisco* (9th Cir. 2014) 757 F3d 1017 ....................................9

*Bartenwerfer v. Buckley*, 21-908, 598 U.S. ___ (February 22, 2023) .........................................27

*Calderone v. United States* (6th Cir. 1986) 799 F2d 254 ..............................................................9

*Far Out Productions, Inc. v. Oskar* (9th Cir. 2001), 247 F3d 986 ...............................................21

*Fontenot v. Upjohn Co.* (5th Cir. 1986) 780 F2d 1190 ..................................................................9

*Grogan v. Garner*, 498 U.S. 279 .................................................................................................10

*Honkanen v. Hopper (In re Honkanen)*, 446 B.R. 373 ................................................................11

*In re Baldwin* (9th Cir. 2001) 249 F.3d 912 ...............................................................................14

*In re Biggs* (BC D ID 2017) 563 BR 319 .....................................................................................21

*In re Bugna,* 33 F3d at 1057 ........................................................................................................21

*In re Cantrell* (9th Cir. 2003) 329 F3d 1119 ...............................................................................21

*In re Green* (9th Cir. BAP 1996) 198 BR 564 .............................................................................21

*In re Huh*, 506 B.R. 257 ..............................................................................................................26

*In re Jung Sup Lee*, 335 B.R. 130 ...............................................................................................24

*In re Moore* (BC ND CA 1995) 186 BR 962 ...............................................................................21

*In re Nourbakhsh* (9th Cir. 1995) 67 F3d 798 ............................................................................21

*In re Rubin*, 875 F.2d 755 ...........................................................................................................10

*In re Tsurukama*, 287 B.R. 515 ...................................................................................................10

*In re Yaikian,* 508 B.R. 175 .........................................................................................................11

*In re Zuckerman* (9th Cir. BAP 2020) 613 BR 707 .......................................................... 12, 13, 21

*Johnson v. JP Morgan Chase Bank*, 395 B.R. 442 ......................................................................10

*Jorge v. Mannie (In re Mannie)*, 258 B.R. 440 ...........................................................................12

*Kelly v. Okoye (In re Kelly)*, 182 B.R. 255 ..................................................................................11

*Kremer v. Chemical Constr. Corp.*, 456 U.S. 461 .......................................................................21

*Lucido v. Superior Court*, 51 Cal.3d 335 ................................................................................11

*McCray v. Barrack*, 217 B.R. 598 .........................................................................................10

*Muegler v. Bening*, 413 F.3d 980 ..........................................................................................10

*Younie v. Gonya (In re Younie)*, 211 B.R. 367 .................................................................11, 13

**Statutes**

11 USC § 523............................................................................................................8, 10, 11

28 U.S.C. § 1738.....................................................................................................................21

28 USC 1927.............................................................................................................................3

Business & Professions Code 17200 ........................................................................................3

Business & Professions Code 17500 ........................................................................................3

**Other Authorities**

Empty-Chair Doctrine Law and Legal Definition ....................................................................15

**Rules**

Code of Professional Conduct ...................................................................................................3

FRBP 7010 ..............................................................................................................................25

FRBP 9011 ................................................................................................................................3

FRCP 1/FRBP 1001 ..................................................................................................................4

FRCP 10 ..................................................................................................................................25

FRCP 56/FRBP 7056 .............................................................................................................2, 8

**Treatises**

Rutter Group, *Cal. Prac. Guide Bankruptcy* Ch. 22-I .............................................................21

**Constitutional Provisions**

Article IV of the US Constitution ............................................................................................20

**B. THE MOTION IS IMPROPER**

A motion under FRCP 56/FRBP 7056 must "[identify] each claim or defense — or the part of each claim or defense — on which summary judgment is sought". Res judicata and claim or issue preclusion are not parts of any of the claims or defenses in this case. Instead they are principles that govern whether a burden of proof has already been met with regard to any of the claims. Res judicata could have been a defense if the Defendants had won the state court case, but they didn't.

The most superficially compelling statements in the Statement of Uncontroverted Facts (improperly titled "Proposed Findings of Fact") are improper mixtures of fact and legal conclusion, and/or are otherwise misleading. Gewant's Statement of Genuine Issues elucidates this.

*DEFENDANTS' MOTION IS PROCEDURALLY IMPROPER AND FAILS TO SHIFT THE BURDEN OF PROOF*

Rule 56 provides in relevant part that "[a] party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." Plaintiff's sole claim in this adversary proceeding is for non-dischargeability of the underlying debt on the grounds of fraud under 11 USC § 523(A)(2)(A). Defendants' motion does not really seek summary judgment on this claim, or on any affirmative defense. Rather, it seeks a finding by this Court that the doctrine of issue preclusion is inapplicable to Plaintiff's non-dischargeability claim. The procedural problem for Defendants is

PLAINTIFF DENNIS GEWANT'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

that even if it were true that issue preclusion does not apply here, it would not dispose of Plaintiff's claim. It would merely make Plaintiff's job more difficult at the trial of this action.

This conclusion—the fact that granting Defendants' motion on the question of issue preclusion would not dispose of any claim or defense—ties into another fundamental failure of Defendants' motion: it completely fails to meet the initial burden of production.

Because summary judgment is a "drastic device," cutting off a party's right to present its case to a jury, the moving party bears a "heavy burden" of demonstrating the absence of any triable issue of material fact. *Ambat v. City & County of San Francisco* (9th Cir. 2014) 757 F3d 1017, 1031. On a summary judgment motion, the moving party must generally demonstrate there is no triable issue as to the matters alleged in its own pleadings; i.e., plaintiff on a claim for relief or defendant on an affirmative defense. *Calderone v. United States* (6th Cir. 1986) 799 F2d 254, 259. This requires the moving party to establish beyond controversy every essential element of its claim or defense: "If the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.* (5th Cir. 1986) 780 F2d 1190, 1194.

Here, Defendants do not adduce any of their own evidence in support of the motion. No declarations are provided. No documents other than some of those attached to the Complaint in this action are referenced. Without an evidentiary showing, Defendants do not shift the burden of proof to Plaintiff.

PLAINTIFF DENNIS GEWANT'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### C.  ISSUE PRECLUSION APPLIES

Even if the Court were to ignore the procedural and evidentiary defects on the face of

Defendants' motion, it should fail on the merits because issue preclusion certainly applies in

this case.

Plaintiff's sole cause of action in this proceeding is under 11 USC § 523(A)(2)(A).The

test for determining whether a debt is non-dischargeable under section 523(a)(2)(A) includes:

(1) misrepresentation of a material fact; (2) knowledge of the falsity of the representation; (3)

intent to induce reliance; (4) justifiable reliance; and (5) damages. *Johnson v. JP Morgan Chase*

*Bank*, 395 B.R. 442, 448 (E.D. Cal. 2008), citing *In re Tsurukama*, 287 B.R. 515, 520 (B.A.P.

9th Cir. 2002). Knowledge and intent can be proven through circumstantial evidence or by

inferences from the debtor's course of conduct. *McCray v. Barrack*, 217 B.R. 598, 607 (B.A.P.

9th Cir. 1998). A promise made without a present intent to perform satisfies section

523(a)(2)(A). *In re Rubin*, 875 F.2d 755, 759 (9th Cir. 1989). Plaintiff is not required to prove

that Defendants themselves directly or indirectly benefitted from the fraudulent conduct.

*Muegler v. Bening*, 413 F.3d 980, 983-984 cert den. (2006) 546 U.S. 1139, 126 S.Ct. 1149 (9th

Cir. 2005).

The state court found in favor of Herzog "upon all counts plead." (Complaint, DE #1,

Ex. 1, p. 2.) One of the counts plead was for fraud. (Complaint, Ex. 5, p. 1, 5.)

Unlike claim preclusion, issue preclusion may apply to a dischargeability claim. See

*Grogan v. Garner*, 498 U.S. 279 at 284 n. 11, 111 S.Ct. 654 ("We now clarify that collateral

PLAINTIFF DENNIS GEWANT'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a).").

Six criteria must be met for issue preclusion to apply to a California judgment under *Lucido v. Superior Court*, 51 Cal.3d 335 at 341-43, 272 Cal.Rptr. 767, 795 P.2d 1223:(1) the issue "must be identical to that decided in a former proceeding"; (2) it "must have been actually litigated in the former proceeding"; (3) it "must have been necessarily decided in the former proceeding"; (4) "the decision in the former proceeding must be final and on the merits"; (5) "the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding"; and (6) application of issue preclusion must be consistent with the public policies of "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." Whether the elements of issue preclusion are met is a factual issue on which Karapet has the burden to "introduce a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action." *Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (9th Cir. BAP 1995); *Berr v. FDIC (In re Berr)*, 172 B.R. 299, 306 (9th Cir. BAP 1994). This burden is made weightier by the presumption against applying issue preclusion in nondischargeability cases. *Honkanen v. Hopper (In re Honkanen)*, 446 B.R. 373, 384 (9th Cir. BAP 2011). [From *In re Yaikian,* 508 B.R. 175, 183-184 (Bankr. S.D. Cal. 2014).]

    *1. The issue under § 523(A)(2)(A) is identical to that decided in the state court action*
    "[T]he first (identical issue) is met because fraud and nondischargeability under § 523(a)(2)(A) have identical elements." *In re Yaikian, supra*, citing *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 374 (9th Cir. BAP 1997), aff'd, 163 F.3d 609 (9th Cir.1998).

PLAINTIFF DENNIS GEWANT'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

*2. The issue was actually litigated*

As stated by *In re Zuckerman* 613 B.R. 707, 715, (B.A.P. 9th Cir. 2020) aff'd (9th Cir., Oct. 24, 2022, No. 20-60031) 2022 WL 13861067, "[t]his is not a default scenario; while [the debtor] and his counsel chose not to attend trial, [the debtor] had answered the operative complaint, participated in the litigation before trial, and received actual notice of trial and a subpoena for his attendance at trial. See *Jorge v. Mannie (In re Mannie)*, 258 B.R. 440, 445 n.3 (Bankr. N.D. Cal. 2001) ('A judgment after trial is not a default judgment simply because the defendant fails to appear at trial.')." "His answer was on file and was effective, and Appellees were required to prove all the essential controverted allegations of their complaint." *Id.* at 716. That is exactly what took place here with respect to the underlying state court action.

Furthermore, "the bankruptcy court was not required to question how the state court reached its decision; that type of inquiry would amount to an impermissible collateral attack on the Judgment." *Id.* Defendants' reliance on what they contend to be a paucity of documentary evidence surrounding the basis of the state court's determination is irrelevant. Judgment was entered in favor of Herzog for, *inter alia*, fraud. (Complaint, Ex. 1, p. 2, Ex. 5, p. 1, 5.) This Court is not required to—and should not—second guess the state court's judgment at this stage.

*3. The issue was necessarily decided*

Again, *In re Zuckerman* is instructive: "Even if it were a default judgment, we need not address the sufficiency of the state court's findings because it necessarily decided the issues. *Id.* The Judgment provides at several places that Mr. Zuckerman is liable for fraud and awarded punitive damages. The Judgment 'necessarily included a determination of all of the facts

required for actual fraud under California law.' *In re Younie*, 211 B.R. at 374." In re Zuckerman (B.A.P. 9th Cir. 2020) 613 B.R. 707, 718, aff'd (9th Cir., Oct. 24, 2022, No. 20-60031) 2022 WL 13861067.

The above ruling covers every aspect of the state court judgment, including the attorney fee award (which was challenged by Defendants in their Motion). It is simply too late for Defendants to dispute that award. This Court must presume the correctness of the ruling; the Court has no discretion to disturb it. The Defendants slept on their rights and must live with the consequences.

### 4. *The decision was final and on the merits*

Defendants do not contest that the state court judgment was final and on the merits.

### 5. *The parties against whom preclusion is sought are the same*

Defendants do not contest that they were parties to the underlying state court action and judgment debtors therein. The other purported judgment debtor, L.M.L. Enterprises, is merely a fictitious business name of the Levinsons (apparently based on the initials "Lisa Marie Levinson").

### 6. *Application of issue preclusion is consistent with relevant public policies*

"[T]hree fundamental policies ... support the application of issue preclusion in appropriate cases: preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." *In re Zuckerman* (B.A.P. 9th Cir. 2020) 613 B.R. 707, 718, aff'd (9th Cir., Oct. 24, 2022, No. 20-60031) 2022 WL 13861067 (internal quotations and citations omitted). While the bankruptcy court has discretion in weighing these factors, all three factors weigh strongly in favor of Plaintiff herein.

PLAINTIFF DENNIS GEWANT'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The case of *In re Baldwin* (9th Cir. 2001) 249 F.3d 912 offers incisive commentary on each of these three policies which is worth quoting. With respect to the first policy:

> "[w]here, as here, the state court was fully capable of adjudicating the issue subsequently presented to the bankruptcy court, we conclude that the public's confidence in the state judicial system would be undermined should the bankruptcy court relitigate the question of whether Baldwin [the debtor] had acted with the intent to injure Kilpatrick [the creditor]. … Moreover, relitigation in bankruptcy court of the issue decided by the state court would conflict with the principle of federalism that underlies the Full Faith and Credit Act."

> *In re Baldwin* (9th Cir. 2001) 249 F.3d 912, 920.

With respect to the second policy:

> "[I]t is obvious that application of collateral estoppel in the present context will promote judicial economy. If Baldwin were not precluded from relitigating the issue, the bankruptcy court would have to conduct an evidentiary hearing in order to determine whether Baldwin intentionally acted to injure Kilpatrick. Relying on the state court's determination allows the bankruptcy court to conserve judicial resources."

> *Ibid.*

With respect to the third policy:

> "[W]e conclude that under these circumstances, application of collateral estoppel will protect creditors from vexatious litigation. Baldwin had a full and fair opportunity to litigate the issue in the state court proceedings. There is no indication in the record that those proceedings violated Baldwin's right to due process, nor does Baldwin allege any constitutional infirmity. Baldwin forfeited his right to defend himself in state court. He presents no good reason for having done so. It would be unfair to Kilpatrick to require him to relitigate before the bankruptcy court what was properly decided by the state court."

> *Ibid.*

## D.  DETAILED RESPONSES TO THE MOTION

**Motion:** "The defendants did not appear at the trial". 5:18-19.

---

PLAINTIFF DENNIS GEWANT'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Response:** At best, this is irrelevant. At worst, it is both misleading and damaging to the

Defendants' case:

> Empty chair doctrine is a legal principle which says that if a party does not
> produce a witness who is within its power to produce and who should have been
> produced, the judge may instruct the jury to infer that the witness's evidence is
> unfavorable to the party's case. According to this doctrine, lawyers may comment
> on the absence of a prospective opposing witness and judges may invite the jury
> to draw adverse inferences from that lack of evidence.

Empty-Chair Doctrine Law and Legal Definition

https://definitions.uslegal.com/e/empty-chair-doctrine/

Why is the Motion statement misleading? Because "Manuel Del Pomar appeared as

attorney for the defendants"! *Superior Court Judgment*, Ex. 3 to the *Motion*, p. 1 (PDF p. 32).

For what possible reason would the defendants' attorney appear at trial *without bringing

his own clients*? Only because *no truthful testimony by them could have helped their case more

than it would hurt it*. Again, this was after more than a year of litigation in which the

Defendants or their counsel appeared at every hearing. It was only after they saw that it was a

lost cause, that the defendants decided not to testify at their own trial, or to even show how

much they cared … by attending it.

> **Motion:** "Gewant also renewed the judgment in July, 2011 and apparently filed an
> Application for Renewal of Judgment in June, 2020, but the state court docket does not
> indicate that the judgment was renewed." 6:15-18.

**Response:** The Motion's statement is yet another obvious untruth. Gewant does not see how

such a statement could have been made after a good faith investigation of the facts. The

---

PLAINTIFF DENNIS GEWANT'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

state court "docket" (register of actions) shows the renewal as having occurred on June 24, 2020,

not only by action of the Clerk but by action of the "Court":

**06/24/2020** Court orders judgment renewed for Plaintiff Herzog, Jay against Defendant L.M.L. Enterprises, Defendant Levinson, Lisa and Defendant Levinson, Richard on the Complaint filed by JAY HERZOG on 05/16/2000 for the judgment amount of $328,592.01, post judgment interest $189,614.58, and fee for filing renewal of $45.00 for a total of $518,251.59.

      Ex. 9 to the Complaint [DE #1], p. 5.

For better legibility, here is a larger version, splitting the screenshot in half so that it fits on this

page:

      **06/24/2020** Court orders judgment renewed for Plaintiff Herzog, Jay

      Defendant Levinson, Richard on the Complaint filed by JAY HERZOG

      interest $189,614.58, and fee for filing renewal of $45.00 for a total o

      y against Defendant L.M.L. Enterprises, Defendant Levinson, Lisa and

      on 05/16/2000 for the judgment amount of $328,592.01, post judgment

      of $518,251.59.

Just above that entry is the following entry, showing that the Clerk performed the required

ministerial act consistent with the judge's order:

**06/24/2020** Notice Notice of Renewal; Issued and Filed by: Atlas Judgment Recovery Corp. (Assignee); As to: L.M.L. Enterprises (Defendant); Lisa Levinson (Defendant); Richard Levinson (Defendant)

Larger version:

      **06/24/2020** Notice Notice of Renewal; Issued and Filed by: Atlas Judgment

      Levinson (Defendant); Richard Levinson (Defendant)

---

PLAINTIFF DENNIS GEWANT'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Recovery Corp. (Assignee); As to: L.M.L. Enterprises (Defendant); Lisa

*Id.*

Ex. 1 to this Response is a true and correct copy of the Notice of Renewal. Defendants were

served with a copy of the Notice of Renewal at their then-last known address on July 15, 2020.

Ex. 2, Proof of Service of Notice of Renewal. That document was executed July 15, 2020 but

does not appear in the register of actions; yet a writ of execution was issued by the Clerk on July

1, 2020. This is permissible because the judgment was still enforceable, with interest, on that

date, as it would not yet have expired by July 1, having been renewed first on July 8, 2011, as

evidenced by this imperfect but still sufficiently clear entry in the register of actions (the entries

should read "Court orders judgment *renewed*," not "*entered*"):

**07/08/2011** Court orders judgment entered for Plaintiff Herzog, Jay against Defendant Levinson, Lisa, Defendant Levinson, Richard and Defendant L.M.L. Enterprises on the Complaint filed by JAY HERZOG on 05/16/2000 for the principal amount of $165,162.00 for a total of $165,162.00.

**07/08/2011** Updated -- Judgment entered on 07/08/2011 ; Principal changed from 165,162.00 to 328,592.01

*Id.*, p. 6.

**Motion:** "The party asserting preclusion bears the burden of establishing the threshold requirements. [*cite*] This means providing "a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action." 8:23-24. "The Plaintiff cannot meet that standard, as there is no state court record which would allow this Court to determine what underlying facts were at issue, and more importantly, what evidenced [*sic*] was adduced and what legal conclusions were reached at trial." 9:13-16.

**Response:** First, the Motion tries to pull a fast one on Gewant and this Court by inserting an

unsupported legal requirement. The quotations from the cases cited, several paragraphs earlier, in

PLAINTIFF DENNIS GEWANT'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

*apparent* support of that requirement, do not contain any requirement that preclusion requires clarity about "what evidence … was adduced". Neither Gewant nor this Court has any duty to go searching through the cited cases to see where that requirement was expressed.

Second, the "controlling facts" are clearly evident from the record, including the state court Complaint, as are "the evidence adduced" and the "legal conclusions … reached at trial". The latter are clearly evident from the state court judgment:

> 1  The action proceeded to trial on the following counts:  Breach of
> 2  written contract, money lent, money had and received, fraud,
> 3  account stated and unfair business practices.
> 4      Having heard the testimony of the witness presented and
> 5  reviewed the exhibits moved into evidence and having reviewed the
> 6  full pleadings on file in this action, the Court found in favor
> 7  of plaintiff, upon all counts plead, as and against the named
> 8  defendants, and each of them, Lisa Levinson, individually and dba
> 9  L.M.L. Enterprises, Richard Levinson, individually and dba L.M.L.
> 10  Enterprises and L.M.L. Enterprises and accordingly;

PLAINTIFF DENNIS GEWANT'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

> 11    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff
> 12    Jay Herzog shall have and is awarded judgment as and against Lisa
> 13    Levinson, individually and dba L.M.L. Enterprises, Richard
> 14    Levinson, individually and dba L.M.L. Enterprises and L.M.L.
> 15    Enterprises in the sum of $30,000.00, together with interest
> 16    thereon at the legal rate per annum from December 1, 1998, plus
> 17    costs in the amount of $ 16,317.00    pursuant to plaintiff's
> 18    memorandum of costs and a trebling of all damages pursuant to
> 19    California Business and Professions Code § 17200 and § 17500 for
> 20    a total judgment of $ 165,162.00
> 21
> 22    Dated: AUG 1 2001                      IRVING S. FEFFER

For Judge Feffer to reach those ultimate conclusions, he must *necessarily have decided* that the elements underlying "all counts plead" (line 7) had been met. In doing so, Judge Feffer relied on "the testimony of the witness presented," i.e., only that of Jay Herzog, AND the "exhibits moved into evidence" as well as "the full pleadings on file" which included of course the Complaint, with detailed allegations of FACT – *six pages' worth* of such facts.  Dates, places, amounts, and "the Levinsons" were specified in the allegations. State Court Complaint, Ex. 1 to Motion, pp. 3-8 (for fraud specifically, 5-6).

The Defendants' own proposed "Finding of Fact" #4 describes the "evidence adduced":

> 4. Herzog appeared at trial and testified. Three exhibits, including a one page contract (that did not contain the name of either the plaintiff or defendants therein), a check and a corporate authorization were introduced into evidence.  [Superior Court minutes of trial, Plaintiff's Complaint, Exhibit 8].
>
> DE #13, 2:12-16.

PLAINTIFF DENNIS GEWANT'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The corporate authorization must have sufficed for Judge Feffer to link the Levinsons to the

business name on the contract. Moreover, the Defendants' company and the Defendants

individually were named as Defendants in the state court litigation from the beginning. In fact,

Defendants answered on behalf of their company:

> SPECIAL DENIAL
>
> 1. Defendants, LISA LEVINSON and RICHARD LEVINSON, individually or dba as L.M.L. ENTERPRISES (collectively hereinafter referred to as "Defendants") admit the following paragraphs of Plaintiff's complaint: None.
>
> Ex. 6 to Complaint, 2:4-9.

It would be unreasonable and an abuse of discretion for this Court to presume that Mr. Herzog's

testimony or "the exhibits moved into evidence" fell short of supporting, by the preponderance

of the evidence, what was stated in the Complaint. To do so would be to presume, with zero

evidence, that Judge Feffer abused *his* discretion. Such a conclusion by this Court would be

exactly the kind of refusal to grant "full faith and credit" to the judgments of other courts that is

forbidden by Article IV of the US Constitution, the preclusive power of state court judgments

that California grants *even to default judgments* (when certain criteria are met, as in this case; see

below), and the federal cases cited below:

> [22:1711.1] **Required elements**: Under California law, collateral estoppel applies where:
>
>      — the issues in both proceedings are identical;
>
>      — there was a final judgment on the merits; and
>
>      — the party against whom collateral estoppel is asserted was a party to the prior adjudication or in privity with such party (e.g., husband and wife re

community property debts). [*In re Bugna, supra*, 33 F3d at 1057] [citing 28 USC § 1738; *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481-82, 102 S.Ct. 1883, 1897-98, 72 L.Ed.2d 262 (1982)]

Rutter Group, *Cal. Prac. Guide Bankruptcy* Ch. 22-I, December 2022 Update, p. 15.

Moreover:

**b. Judgments entitled to preclusive effect**

(1) [22:1712] **Default judgments**: [Even] A default judgment has preclusive effect in a bankruptcy action to the same extent it would have in the state court in which it was rendered. [*Far Out Productions, Inc. v. Oskar* (9th Cir. 2001) 247 F3d 986, 993; *In re Nourbakhsh* (9th Cir. 1995) 67 F3d 798, 800; see also *In re Biggs* (BC D ID 2017) 563 BR 319, 327—default judgment for embezzlement had preclusive effect under Idaho law in bankruptcy]

Under California law, a default judgment is given collateral estoppel effect if the defendant:

> — had actual notice of the litigation and an opportunity to participate; and
> — the issues were "actually litigated" in the action. [*In re Cantrell* (9th Cir. 2003) 329 F3d 1119, 1123-1124; *In re Harmon* (9th Cir. 2001) 250 F3d 1240, 1246-1249; see also *In re Green* (9th Cir. BAP 1996) 198 BR 564, 566—default judgment conclusively establishes the truth of all material allegations contained in the complaint and every fact necessary to uphold the default judgment]

(a) [22:1713] **"Actually litigated" requirement:** For purposes of a default judgment, an issue is "actually litigated" when it is "properly raised by the pleadings, or otherwise, and is submitted for determination, and is determined, noting that a determination may be based on a failure of proof." [*In re Moore* (BC ND CA 1995) 186 BR 962, 971 (emphasis added); see also *In re Zuckerman* (9th Cir. BAP 2020) 613 BR 707, 715-716—although technically not a default judgment, question of debtor's fraud was actually litigated in prior state court action and judgment entered after trial in absentia for which debtor and his counsel failed to appear]

*Id.*, p. 16.

PLAINTIFF DENNIS GEWANT'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

That last part bears a striking similarity to the instant case, in which the Defendants admittedly "did not appear at the trial" and failed to bring any case-in-chief ("Plaintiff rests. Defendant having no rebuttal or (oral) defense at this time, rests") (Ex. 2 to *Motion*). Of course in the instant case, judgment was not taken by default. As stated above, "Defendants or their counsel appeared at every hearing" until the trial, at which time only counsel appeared.

Similarly here, whatever the shortcomings of the allegations in the state court complaint and anything subsequent to it in the state court litigation, "no objection was raised" other than the filing of an Answer with the usual unsupported, unsworn denials. The time for the Levinsons to actually disprove the allegations in the state court complaint was before the deadline for filing a summary judgment motion, or at trial. They did neither, despite ample opportunity and legal representation, and so the judgment must stand.

Moreover, the trial minutes dated July 17, 2001 (Ex. 2 to the *Motion*) indicate no "halftime" motion for involuntary dismissal by the Levinsons' then-attorney Del Pomar – the kind of motion that is normally made when a party urges a Court to conclude that the plaintiff failed to meet his burden of proof and thus there is no need for the defense to make a case-in-chief. Yet Del Pomar did not go on to try to make his Defendants' case either – and evidently never intended to do so, since his clients were not present in court. It is as if Del Pomar simply rested his face on his palm and hoped for a miracle for his clients. This Court should not give them one.

No more arguments appear to be necessary. However, after writing the above, Gewant obtained certified copies of the trial briefs and exhibit list in the state court proceeding. Those documents

PLAINTIFF DENNIS GEWANT'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

are included here as Exhibit 3. The "evidence adduced at trial" is made clear by these documents, whose existence in the state court record was falsely denied and groundlessly demanded by the Defendants in their Motion. The evidence included:

1. The December 3, 1998 agreement (First Trial Brief Exhibit A, p. 5 of Ex. 3);

2. A copy of a $30,000 check from "Texlink (plaintiff's assignor) … to the defendants" (First Trial Brief Exhibit B, p. 6 of Ex. 3);

3. A statement that "in answers to interrogatories, defendant Richard Levinson has admitted to being a convicted felon, charged with wire fraud" (First Trial Brief, p. 3 of Ex. 3)[2];

4. A statement that:

> To this end, defendants failed to appear at the F.S.C. in this matter and their counsel advised of his belief that the defendants hold no defense herein. Consistent therewith, defendants failed to file/exchange any exhibit or witness list and should be precluded from introducing any evidence.

(Second Trial Brief, p. 13 of Ex. 3).

*[End of the above section]*

---

[2] A criminal conviction may be used for only 10 years to attack a witness's credibility – FRE 609. However, Gewant is not invoking Richard Levinson's conviction for that purpose today, but rather only pointing to the fact that Judge Feffer must be presumed to have considered it back then, for that purpose. The expiration of the 10 years since then provides no legal foundation for this Court to second-guess or overturn the decision made by Judge Feffer. The expiration of the 10 years means that this Court cannot consider that conviction when assessing Richard Levinson's credibility in the instant case. However, this Court clearly may consider the Levinsons' many proven-false statements, made in the current litigation *with* (not *despite*) the assistance of counsel.

PLAINTIFF DENNIS GEWANT'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Motion:** "Actual fraud under California law has mirror image elements of the elements found in Section 523(a)(2)(A) of the Bankruptcy Code. *In re Jung Sup Lee*, 335 B.R. 130, 136 (BAP 9th Cir, 2005)." 10:7-9.

**Response:** Plaintiff is grateful that the Defendants have admitted that if fraud is proven under California law, it is proven under Ninth Circuit bankruptcy law. This meets the first of the five *Harmon* tests (*Motion*, 8:15-22).

**Motion:** "Here, plaintiff makes no specific allegations of fraudulent conduct by the debtors in his nondischargeability complaint, instead merely asserting that the prior state court judgment included fraud…." 10:10-13. With respect to the fraud cause of action (Fourth Cause of Action), there are only conclusory allegations, not specific citations to facts that would allow a defendant to know, specifically, what the allegation of fraud entailed and in which a fraud target needs to know with specificity. 10:15-19.

**Response:** This statement in the Motion violates several rules. The statement is false, and the Levinsons and counsel have clear reason to know of its falsity. The Answer (DE #4, 3:12) denied the five paragraphs of the Complaint in which those allegations were explicitly made:

20. The Levinsons engaged in misrepresentation, fraudulent omission and/or deceptive conduct as well as unfair business practices, a codified form of fraud under the California Business and Professions Code, toward Texlink International, Inc., the assignor and predecessor-in-interest to Jay Herzog, the plaintiff and original judgment creditor, and assignor of the judgment ultimately to Gewant.

21. The Levinsons had knowledge of the falsity or deceptiveness of their statements and/or conduct.

22. In making those statements and or engaging in that conduct, the Levinsons intended to deceive Texlink International, Inc.

23. Texlink International, Inc. justifiably relied on the Levinsons' statements and/or conduct.

24. Texlink International, Inc. was damaged and that damage was proximately caused by its reliance on the Levinsons' statements and/or conduct.

PLAINTIFF DENNIS GEWANT'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

*Complaint* [DE #1], pp. 6-7.

Moreover, the Complaint in the instant case *incorporated the state court complaint in its entirety by reference* as Exhibit 5, making the state court complaint "'part of the pleading for all purposes' per FRBP 7010 and FRCP 10(c)" (p. 3, para. 9), and *that* complaint included plenty of "specific allegations of fraudulent conduct by the debtors" (see *State Court Complaint*, Ex. 1 to Motion, pp. 3-8, as cited above).

Finally, the Levinsons' time to dispute the legal sufficiency of the Complaint has long passed.

> **Motion:** "[T]here are no findings of fact here which would assist the bankruptcy court in determining whether all of the elements were satisfied." 10:25-27

**Response:** True, but irrelevant. The Defendants cite no caselaw in support of their idea that findings of fact must exist in the record for there to be preclusion. The record can be—and in this case is—perfectly clear enough without a single explicit document called "findings of fact".

> **Motion:** "[T]he parties here are not identical to those in the state court proceeding, as plaintiff, without any percipient knowledge of the underlying facts". 11:1-3.

**Response:** True, but even less relevant than the preceding point quoted from the Motion. Obviously, if the plaintiff has to go to trial, he will call witnesses who *do* have percipient knowledge of the underlying facts. Gewant's personal knowledge or lack thereof (other than for the purpose of authenticating exhibits) is completely irrelevant to whether the record is sufficient to avoid the need for trial.

> **Motion:** "As to the applicable issue preclusion factors, it is uncertain as to whether the issue to be precluded from relitigation is identical to that decided in the former

PLAINTIFF DENNIS GEWANT'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

proceeding, because the record does not include any citation to the evidence with respect to the elements of the cause of action, whether both individuals or neither established fraudulent conduct." 11:11-16.

**Response:** As stated above (10:21-24), the Motion already admitted (10:7-9) that fraud in California has "mirror image elements" to what must be proven for nondischargeability. Even had the Motion not admitted that, it would be easy to so prove. Surely that truth about that area of California and bankruptcy law is familiar to this Court.

Also, Defendants here recapitulate the same "attempt to pull a fast one" that Gewant first addressed at the bottom of page 17 above. Defendants cite no law in support of the proposition that the specific evidence relied upon by the previous court must be evident in the record.

**Motion:** "Without findings of fact, this court cannot ascertain make the necessary findings that plaintiff proved fraud in the underlying state court proceeding." 12:2-4.

**Response:** Again, this is not true, and it is a rule violation to assert it without any supporting law or any good faith attempt to make new law (which is in no way suggested). The statement is not even close to being supported by any of the previously cited authorities.

**Motion:** "A state court's final judgment as to the existence of a party's fraud does not control "the interpretation of exceptions to discharge under the [Code], while informed by relevant state law, ultimately is a matter of federal law." *In re Huh*, 506 B.R. 257, 272 (9th Cir. BAP, 2014)." 12:5-9.

**Response: The above citation is dicta from a trial court case. It cannot and does not outweigh binding precedent from the Supreme Court of the United States.** Gewant agrees with the quotation of high-level legal principle from *Huh*. However, in *Huh*, there was a twist that makes none of the *specifics* of that case applicable to this one. The holding in *Huh* was that

the debt of a principal is dischargeable when the principal did not know, and had no reason to know, "of the frauds of his agent". *Huh*, at 272. In the instant case, allegations were made against both of the Levinsons and proven at trial to the judge's satisfaction. There is no indication in the record that either of the Levinsons were any less culpable or witting participants in the fraud, than the other. Since Judge Feffer entered judgment against both the Levinsons, again, this court must presume that all the lower-level issues necessarily to support that ultimate decision, were in fact decided.[3]

> **Motion:** "A breakdown of the cost award by the State Court is not in the record.  The State Court awarded a total of $16,317 in attorney fees.  Since the judgment is silent to this which *[sic]* cause of action attorney fees were awarded, Plaintiff cannot sustain his burden and the attorney fees portion of the judgment are dischargeable." 12:17-21.

**Response:** The second sentence in the Motion excerpt is another willful misrepresentation of the record. Attorney fees are not mentioned in the judgment. The $16,317 was explicitly awarded as costs:

---

[3] What might make *Huh* even less applicable is that it seems to have just been overruled by the recent Supreme Court case *Bartenwerfer v. Buckley*, 21-908, 598 U.S. ___ (February 22, 2023): "Supreme Court holds that the Bankruptcy Code exemption from discharge for debts involving fraud precludes the partner of the individual who committed the fraud from discharging a debt, regardless of her own culpability." https://supreme.justia.com/cases/federal/us/598/21-908/. A search of Casetext.com performed in early March found no indication that *Huh* had been overruled by *Bartenwerfer*, but maybe it is simply too soon for the database to have been updated.

> ```
>      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff
> Jay Herzog shall have and is awarded judgment as and against Lisa
> Levinson, individually and dba L.M.L. Enterprises, Richard
> Levinson, individually and dba L.M.L. Enterprises and L.M.L.
> Enterprises in the sum of $30,000.00, together with interest
> thereon at the legal rate per annum from December 1, 1998, plus
> costs in the amount of $ 16,317.00     pursuant to plaintiff's
> memorandum of costs and a trebling of all damages pursuant to
> California Business and Professions Code § 17200 and § 17500 for
> a total judgment of $ 165,162.00
> ```

Ex. 3 to *Motion*, 2:17.

As the prevailing party in the state court litigation, Herzog was entitled to all his costs.

Defendants present no grounds whatsoever for this Court to deduct any part of the $16,317 in

costs and the interest that has accrued on that amount, from what is still due and owing on the

debt.

> **Motion:** "THE TREBLE DAMAGE PORTION OF THE ORIGINAL JUDGMENT
> WAS PURSUANT TO BPC SECTIONS 17200 AND 17500, CONSUMER
> PROVISIONS TO WHICH NO BAD INTENT NEED BE PROVEN." 12:23-25. "[I]t is
> clear that the award for treble damages was based upon a non-intent statute." 15:3-4.

**Response:** These statements constitute additional rules violations. BPC section 17500 obviously

does include an intent requirement. Defendants and their counsel have perfectly good reason to

know that it's false. They are on constructive notice of what the law says, and yet they decided

not to discuss the content of BPC 17500 *at all*:

---

PLAINTIFF DENNIS GEWANT'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

"It is unlawful for any person, firm, corporation or association, or any employee thereof **with intent** directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or **to induce** the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, **and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading**, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme **with the intent not to sell that personal property or those services**, professional or otherwise, so advertised at the price stated therein, or as so advertised. Any violation of the provisions of this section is a misdemeanor punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both that imprisonment and fine." **[emphasis added]**

California Business & Professions Code §17500

https://leginfo.legislature.ca.gov/faces/codes_displaySection.xhtml?sectionNum=17500&lawCode=BPC

A careful reading of that long first sentence makes clear that none of the instances of the word "or" provide any escape for the Defendants. *There is no liability under BPC 17500 without intent.*

Added "punch" for this interpretation is that the second sentence of that code section makes it a *criminal* statute. Hence, no violation of it could be "stumbled into" through mere negligence.

Continuing throughout 18 months of litigation, and the lead-up to it, to fail to fill orders for merchandise or refund the money given for it, is clearly not just "unreasonable"; it is clearly the kind of dishonest behavior that the Bankruptcy Code is not intended to protect. The Levinsons'

dishonesty in this regard was clear enough to Judge Feffer that he awarded treble damages for it.

He did not award the damages for violations of BPC 17200 **or** BPC 17500, but for violations of

"§ 17200 **and** § 17500".

Back to the Motion's denial of what BPC 17500 says: Does this level of dishonesty actually ever

win cases in the Central District Bankruptcy Court? All people of good conscience must

certainly hope that it does not.

> **Motion:** "Since the treble damages are a lump sum, the non-dischargeable cause of
> action supporting that full award must be clear from the record-otherwise there is a
> question of fact as to what portion of those damages flow from the causes of action that
> meet the criteria for the Section 523 cause of action alleged…. since the trial court did
> not make specific findings of fact, it is almost impossible for the Bankruptcy Court to
> glean upon what basis the finding of fraud was made." Pp. 14-15.

**Response:** Per the preceding discussion, the judgment is perfectly clear about what the treble

damages were awarded for: BPC 17500 **AND** (NOT "**OR**"!) BPC 17500.

Judge Feffer must have found that the elements of fraud were all met under California law,

because that would be logically necessary to his ultimate finding of fraud. It is simply

unreasonable and unfounded to second-guess him on this point, an unreasonable reading of the

cited cases, and unjustified under the controlling cases starting at the bottom of p. 21, *supra*.

### E.  CONCLUSION

The 2001 bench trial provided the Levinsons with a full and fair opportunity to litigate Herzog's claims against them. All issues necessary to a finding of nondischargeability of their debt to Herzog were actually and necessarily litigated.

The Levinsons were present in court, represented by the same counsel that they had had throughout the 18-month pendency of the case. The Levinsons and their counsel heard the plaintiff's testimony and arguments first-hand. The fact that they chose to remain silent – indeed, to not even appear at their own trial –when reasonable defendants would have spoken up in their own defense estops them from raising any defense now.

There is no genuine dispute about any material fact, but this is true in a way that goes against the Defendants. It would be manifestly unjust to allow any relitigation of the claims beyond this summary procedure, including those for fraud and the BPC violations.

The Motion must be denied in its entirety. Hopefully this Court will go further.

# STATEMENT OF GENUINE ISSUES

1

2

3

4

Dennis Gewant DBA Atlas Judgment Recovery
269 S Beverly Dr, Ste 102, Beverly Hills, CA 90212
Tel: 310-276-4900 / Fax: 310-273-6432
Email: atlasjudgmentrecovery@gmail.com
Assignee of Record, Creditor, and Plaintiff, Pro Se

5

6

7

8

9

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

10

11

12

13

14

15

16

17

18

19

| | |
|---|---|
| In re Richard Irving Levinson and Lisa Marie Levinson, | Case No.: 2:22-BK-15330-WB |
| Debtors | Chapter 7 Proceeding |
| | Adv. Proc. No. 2:22-AP-01218-WB |
| Dennis Gewant DBA Atlas Judgment Recovery, | DC NO.: DG-2 |
| Plaintiff, | **PLAINTIFF DENNIS GEWANT'S STATEMENT OF GENUINE ISSUES** |
| v. | |
| Richard Irving Levinson and Lisa Marie Levinson, | Filed concurrently with Response to Motion for Summary Judgment |
| Defendants | |

20

**STATEMENT OF GENUINE ISSUES**

21

22

23

24

25

26

     The rule-based need for this Statement is awkward under the circumstances, because Plaintiff Gewant's position is that there are no genuine issues for trial. The record supports a complete denial of the Defendants' Motion and granting of the Plaintiff's own imminent Motion For Summary Judgment. Nonetheless, Gewant wishes to comply with all rules and takes this

27

28

opportunity to clarify for the Court, separately from the Response, the misleading nature of

some of the Defendants' proposed Findings of Fact.

> 5. … [N]o Findings of Fact or Conclusions of law were prepared or are in the court
> record."

True, but irrelevant, as explained in many places throughout the Response.

> 7. Gewant has made collection efforts since acquiring the judgment such that the
> Levinsons have paid more than $120,000.  [Plaintif's *[sic]* complaint, Exhibit 4]."

Exhibit 4 is a copy of the assignment from Gewant's corporation to himself personally, executed

in 2020. It states that the plaintiff in the state court litigation, Jay Herzog, had collected nothing

from the defendants. It states nothing about how much was collected by Gewant's corporation or

by himself personally. Indeed, it could not state anything about Gewant's personal collection

efforts. How could he collect anything on the judgment before it was assigned to him?

The fact of how much has been collected toward the satisfaction of the state court judgment will

be dealt with in Gewant's upcoming motion for summary judgment. But how much has been

collected is irrelevant to how much of the remaining amount is dischargeable (if any). The

Levinsons appear to be taking the position that a judgment debtor is entitled to decide how much

of a judgment he is really obligated to pay.

> 10. A portion of the judgment included attorney fees without attributing those fees to any
> specific cause of action.  The one page "contract" attached to the complaint and
> introduced into evidence at trial does not contain an attorney fee provision. [Plaintif's
> Complaint, Exhibit 5, State Court Minutes of Trial, Exhibit 8]."

---

PLAINTIFF DENNIS GEWANT'S STATEMENT OF GENUINE ISSUES

2

What "portion of the judgment included attorney fees"? The judgment excerpt that lays out all

the awarded amounts is silent on the issue of attorney fees (see page 28), as are the Minutes

shown in Exhibit 8.

> 11. The State Court judgment did not contain any findings of fact or conclusions of law
> which would permit this Court to determine whether the elements of fraud were actually
> litigated in the underlying action.

The first line is true, but the implication of the remainder of the sentence is completely false, as

explained throughout the Response. The record is ample to permit this Court to make that

determination, again as explained throughout the Response.

# DECLARATION OF DENNIS GEWANT

Dennis Gewant DBA Atlas Judgment Recovery
269 S Beverly Dr, Ste 102, Beverly Hills, CA 90212
Tel: 310-276-4900 / Fax: 310-273-6432
Email: atlasjudgmentrecovery@gmail.com
Assignee of Record, Creditor, and Plaintiff, Pro Se

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re Richard Irving Levinson and Lisa Marie Levinson, | Case No.: 2:22-BK-15330-WB |
| | Chapter 7 Proceeding |
| Debtors | Adv. Proc. No. 2:22-AP-01218-WB |
|     Dennis Gewant DBA Atlas Judgment Recovery, | DC NO.: DG-2 |
|     Plaintiff, | **DECLARATION OF DENNIS GEWANT** |
|     v. | Date/Time: June 6, 2023, 2:00 PM |
|     Richard Irving Levinson and Lisa Marie Levinson, | Courtroom: 1375 |
| | Judge: Hon. Julia W. Brand |
|     Defendants | Filed concurrently with Response to Motion for Summary Judgment |

I am the judgment creditor and assignee of the judgments and underlying debt whose dischargeability is being disputed in the above-entitled action. I am over the age of 18 years and competent to make this Declaration. If called upon as a witness, I could and would competently testify to the matters set forth herein. I make this Declaration in support of my Response in Opposition to Defendant's Motion for Summary Judgment.

As an assignee, I have personal knowledge of the following:

✓ Statements made to me by Assignor and original judgment creditor, Jay Herzog, and his attorney in the underlying state court action, Jeffrey Brynan, concerning the facts of what happened in the case more than 20 years ago; and

✓ The contents of the documents, including exhibits, that I have filed in connection with my Response.

All assertions of fact that I have made in the Response and the Statement of Genuine Issues are made on information and belief, on the basis of the documents, which in most if not all cases speak for themselves. I have relied little, if at all, on oral statements made to me by Herzog and Brynan.

All of the exhibits to my Response are true and correct copies of the documents that they purport to be.

I declare under penalty of perjury that the above statements are true.

Signed _ApiL 7_____, 2023 at Beverly Hills, California.

Dennis Gewant, Plaintiff

DECLARATION OF DENNIS GEWANT

2

# EXHIBIT 1

**EJ-195**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Atlas Judgment Recovery Corp.-Assignee of Record<br>269 S. Beverly Dr. Ste. # 102<br>Beverly Hills, Ca. 90212 | 310-276-4900 | |

ATTORNEY FOR *(Name):* **Assignee of Record**

NAME OF COURT: **Superior Court of California-Los Angeles County**
STREET ADDRESS: **111 N. Hill St.**
MAILING ADDRESS:
CITY AND ZIP CODE: **Los Angeles, Ca. 90012**
BRANCH NAME: **Stanley Mosk**

PLAINTIFF: **Jay Herzog**

DEFENDANT: **Lisa Levinson an Ind. dba L.M.L. Enterprises, and Richard**

| **NOTICE OF RENEWAL OF JUDGMENT** | CASE NUMBER:<br>BC230085 |
|---|---|

TO JUDGMENT DEBTOR *(name):*  Lisa Levinson an Ind. dba L.M.L. Enterprises & Richard Levinson, an Ind. dba

L.M.L enterprises

1.  **This renewal extends the period of enforceability of the judgment until 10 years from the date the application for renewal was filed.**

2.  **If you object to this renewal, you may make a motion to vacate or modify the renewal with this court.**

3.  **You must make this motion within 30 days after service of this notice on you.**

4.  A copy of the *Application for and Renewal of Judgment* is attached *(Cal. Rules of Court, rule 3.1900).*

   Sherri R. Carter Executive Officer / Clerk of Court

Date: 06/24/2020            Clerk, by _____ E. Allen _____, Deputy


[SEAL]

| See CCP 683.160 for information on method of service |
|---|

Form Adopted for Mandatory Use
Judicial Council of California
EJ-195 [Rev. January 1, 2007]

**NOTICE OF RENEWAL OF JUDGMENT**

Code of Civil Procedure, § 683.160
www.courtinfo.ca.gov

Page 1 of 1

**Ex. 1, p. 1 of 1**

# EXHIBIT 2

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Dennis Gewant dba Atlas Judgment Recovery (Assignee of Record)<br>269 S. Beverly Dr. Ste. #102<br>Beverly Hills, ca. 90212<br><br>  TELEPHONE NO.: 310-276-4900    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>  ATTORNEY FOR *(Name):* In Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
  STREET ADDRESS: 111 N. Hill St.
  MAILING ADDRESS:
  CITY AND ZIP CODE: Los Angeles, Ca. 90012
  BRANCH NAME: Stanley Mosk

  PETITIONER/PLAINTIFF: Jay Herzog

RESPONDENT/DEFENDANT: Lisa levinson & Richard levinson dba L.M.L. Enterprises

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>BC230085 |
|---|---|

***(Do not use this Proof of Service to show service of a Summons and Complaint.)***

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   269 S. Beverly Dr. Beverly Hills, Ca. 90212 (business)

3. On *(date):* 7/15/2020          I mailed from *(city and state):* Beverly Hills, Ca.
   the following **documents** *(specify):*
   Application of Renewal of Judgment and Notice of Renewal of Judgment

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)*
      (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*

   a. ☒ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.

   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this
      business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is
      placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in
      a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:

   a. **Name** of person served: Lisa levinson & Richard Levinson

   b. **Address** of person served:
      9858 Vidor Dr.
      Los Angeles, Ca. 90035

   ☒ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service
      by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 15, 2020

S. Insul

  (TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)                          ▶                          (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use
Judicial Council of California
POS-030 [New January 1, 2005]

**PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**
(Proof of Service)

Code of Civil Procedure, §§ 1013, 1013a
www.courts.ca.gov

**Ex. 2, p. 1 of 1**

# EXHIBIT 3

1  Jeffrey Brynan, State Bar No. 70304
   PETERSON & BRYNAN
2  9430 Olympic Boulevard, Suite 400
   Beverly Hills, CA 90212-4552
3  Telephone: (310) 552-3035
   Facsimile: (310) 556-1484
4

5

6  Attorneys for Plaintiff

7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF LOS ANGELES

10

11 | JAY HERZOG                        )  CASE NO.:  BC 230085
                                      )
12 |           Plaintiff,             )  PLAINTIFF'S MSC BRIEF
                                      )
13 |     vs.                          )  Case Assigned to Honorable
                                      )  Irving S. Feffer, Dept. 51
14 | LISA LEVINSON, individually and  )
   | dba L.M.L. ENTERPRISES; RICHARD) )  Hearing Date: June 21, 2001
15 | LEVINSON  individually  and  dba)   Time:        9:00 a.m.
   | L.M.L.   ENTERPRISES;   L.M.L.)      Department:  51
16 | ENTERPRISES; and Does 1 through )
   | 100, inclusive,                 )
17 |                                  )
   |           Defendants.           )
18 |                                  )
   |_____)

19

20       TO  THE  COURT,  ALL  PARTIES  HEREIN  AND  TO  THEIR  RESPECTIVE

21 ATTORNEYS OF RECORD:

22       PLAINTIFF Jay Herzog hereby submits his MSC Brief in the instant

23 matter:

24 1.   PARTIES:

25       Plaintiff: Jay Herzog by the Law Offices of Peterson & Brynan

26       Defendants:  Lisa  Levinson,  Richard  Levinson  and  L.M.L.

27 Enterprises by Manuel del Pomar.

28

                                    1
_____
PETERSON
& BRYNAN   H850.004\MSC-BRIEF              PLAINTIFF'S MSC BRIEF

FILED
LOS ANGELES SUPERIOR COURT
JUN 1 9 2001
JOHN A. CLARKE, CLERK
BY M. FREGOSO DEPUTY

**Ex. 3, p. 1 of 25**

1   2.   GENERAL STATEMENT OF CASE:

2       In the instant matter, both parties are engaged in the garment

3   industry and involved in the retail and wholesale sale of garments,

4   primarily, lingerie items.

5       Over the course of approximately two years the parties conducted

6   several transactions between them, without incident or dispute.

7       On or about December 3, 1998 the parties entered into an

8   agreement whereby L.M.L. Enterprises, a partnership (or association)

9   comprised of Richard Levinson and his wife, Lisa Levinson offered to

10  sell to Texlink International (the assignor of the claims to

11  plaintiff herein) certain merchandise for a total sum of $30,000.

12  The invoice in that regard is attached hereto as Exhibit "A".

13      In compliance with that agreement, Texlink (plaintiff's

14  assignor) paid the sum of $30,000 to the defendants, and each of

15  them, for this merchandise.  A copy of the check for such payment is

16  attached hereto as Exhibit "B".  However, on or about December 30,

17  1998 the defendants breached the contract by failing to deliver or

18  otherwise supply the goods that were purchased and simply retained

19  the $30,000 that had been paid.

20      Based thereon, plaintiff has filed causes of action for breach

21  of written contract pursuant to the written invoice and, causes of

22  action for money lent and money had and received and account stated.

23  A cause of action for fraud has also been filed, along with a cause

24  of action for unfair business practices.

25      With respect to the cause of action for unfair business

26  practices, it is the contention of plaintiff that the defendants, and

27  each of them, had previously entered into a series of transactions

28

                                    2

1  with plaintiff's assignor, involving minimal amounts of money all

2  designed by defendants to gain the trust of plaintiff's assignor. It

3  is contended that defendants engaged in this systematic course of

4  conduct for the ultimate purpose of then inducing plaintiff's

5  assignor to provide $30,000 for the purchase of certain merchandise,

6  which plaintiff and his assignor are now informed and believe never

7  existed and that defendants entered into that transaction for the

8  sole purpose of obtaining the subject $30,000 from plaintiff's

9  assignor, with no intention of providing the merchandise called for

10  under the subject contract.

11      It is the contention of plaintiff that this ongoing plan and

12  scheme constitutes a violation of the California Business and

13  Professions Code Section 17200 and 17500 and that as a result, in

14  addition to being entitled to the reimbursement of the subject

15  $30,000, that plaintiff is entitled to the imposition of attorney

16  fees and treble damages.

17      To this end, in answers to interrogatories, defendant Richard

18  Levinson has admitted to being a convicted felon, charged with wire

19  fraud. Plaintiff is now also informed and believes that the entirety

20  of defendants' plan and scheme herein was to deceive, defraud and

21  otherwise deprive plaintiff and his assignor of the subject $30,000

22  and so that Mr. Levinson could utilize same for the repayment of

23  gambling debts.

24      In the course of discovery in this litigation, defendants

25  contend that they have a full and complete defense to this matter yet

26  have refused and failed to present any facts other than to contend

27  that the subject invoice, set forth on their own "letterhead" is a

28

3

1 | fabrication.    Defendants also claim they have other documents to

2 | prove that the subject complaint is a sham yet, despite repeated

3 | informal and formal document requests, have never produced such proof

4 | and have refused to respond to discovery requests in this regard.

5 | It is respectfully contended by plaintiff that there is no

6 | defense to the instant matter, that defendants, and each of them,

7 | received the subject $30,000, provided no consideration in exchange

8 | therefor and under any theory are required to reimburse plaintiff

9 | said sum, along with the other damages as provided by the California

10 | Business and Professions Code.

11 | 3.    SETTLEMENT DISCUSSIONS:

12 | To date, there has been effectively no settlement discussions.

13 | Initially, defendants indicated their willingness to make a

14 | settlement proposal and then withdrew same, claiming that, without

15 | any support thereof, they have a complete defense to this case.

16 | DATED:    June 18, 2001                    Respectfully submitted

17 |                                            PETERSON & BRYNAN

18 |

19 |                                            By: 

20 |                                            JEFFREY BRYNAN
   |                                            Attorneys for Plaintiff

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |                        4

# INVOICE

**L. M. L. ENTERPRISES**
146 S. Wetherly Dr. # 4
Los Angeles, CA 90048

2132

| INVOICE DATE | 12/03/98 |
| CUSTOMER'S ORDER NO. | 113098 |

**SOLD TO:**
Texlink international Inc.

450 S. Swall Dr

Beverly Hills Ca. 90211

**SHIP TO:**
Texlink

To be picked up

12/07/98

| SALESMAN | SHIPPED VIA | TERMS | F.O.B. |
|----------|-----------|-------|--------|
| Levinson | self | c.o.d. | |

| QTY. ORDERED | QTY. SHIPPED | DESCRIPTION | UNIT | AMOUNT |
|--------------|--------------|-------------|------|--------|
| 2,000 doz | | Asst. color lace bra | $10.00 | $20,000 |
| 2,000 doz | | Asst. Lace Panty | $5.00 | $10,000 |
| | | | | |

Adams
812

**Invoice**                    Total        $30,000

**Ex. 3, p. 5 of 25**

Ex. 3, p. 6 of 25

**PROOF OF SERVICE**

1013A (3) CCP Revised 1/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is:  **9430 Olympic Boulevard, Suite 400 Beverly Hills, CA 90212-4552.**

    On June 1⁄8 , 2001, I served the foregoing document: **PLAINTIFF'S MSC BRIEF** on the interested parties in this action

__   by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

X   by placing __ the original **X** a true copy thereof enclosed in sealed envelopes addressed as follows:

    SEE ATTACHED LIST

**X**   BY MAIL

    __ * I deposited such envelope in the mail at Beverly Hills, California.  The envelope was mailed with postage thereon fully prepaid.

    **X**   I caused such envelope to be deposited in the mail at Beverly Hills, California.  The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.  Executed on June 1⁄8 , 2001, at Beverly Hills, California.

**XX**   (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__   (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

GAIL CANDIOTTI

* (By mail signature must be of person depositing envelope in mail slot, box or bag)
** (For personal service signature must be that of messenger)

5

Ex. 3, p. 7 of 25

1   Manuel del Pomar, Esq.
2   1534 Greenfield Avenue
    Los Angeles, California 90025
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   I certify that this is a true and correct copy of the original
     on file in or issued from this office, consisting of ___ pages
24

25   DAVID W. SLAYTON, Executive Officer / Clerk of the
     Superior Court of California, County of Los Angeles
26                                    MAR 1 5 2023
27   Date: _____ By: _____ Deputy
                                              A. CORTEZ
28

6

**Ex. 3, p. 8 of 25**



I certify that this is a true and correct copy of the original
on file in or issued from this office, consisting of 3 pages.

DAVID W. SLAYTON, Executive Officer / Clerk of the
Superior Court of California, County of Los Angeles.

MAR 1 5 2023

Date:_____ By: _____, Deputy

K. CORTEZ



1  Jeffrey Brynan, State Bar No. 70304
   PETERSON & BRYNAN
2  9430 Olympic Boulevard, Suite 400
   Beverly Hills, CA 90212-4552
3  Telephone: (310) 552-3035
   Facsimile: (310) 556-1484
4

5

6  Attorneys for Plaintiff

7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF LOS ANGELES

10

11  JAY HERZOG                      )   CASE NO.:  BC 230085
                                    )
12           Plaintiff,             )   PLAINTIFF'S TRIAL BRIEF
                                    )
13      vs.                         )   Case Assigned to Honorable
                                    )   Irving S. Feffer, Dept. 51
14  LISA LEVINSON, individually and )
    dba L.M.L. ENTERPRISES; RICHARD )   Hearing Date: July 17, 2001
15  LEVINSON individually and dba   )   Time:         10:00 a.m.
    L.M.L.   ENTERPRISES;   L.M.L.  )   Department:   51
16  ENTERPRISES; and Does 1 through )
    100, inclusive,                 )
17                                  )
             Defendants.            )
18  _____)

19

20      TO THE COURT, ALL PARTIES HEREIN AND TO THEIR RESPECTIVE

21  ATTORNEYS OF RECORD:

22      PLAINTIFF Jay Herzog hereby submits his Trial Brief in the

23  instant matter:

24  1.    PARTIES:

25      Plaintiff: Jay Herzog by the Law Offices of Peterson & Brynan

26      Defendants:  Lisa  Levinson,  Richard  Levinson  and  L.M.L.

27  Enterprises by Manuel del Pomar.

28
                                   1

Ex. 3, p. 10 of 25

 

2.   GENERAL STATEMENT OF CASE:

The parties herein are engaged in the garment industry and involved in the retail and wholesale sale of garments, primarily, lingerie items.

Over the course of approximately two years the parties conducted several transactions between them, without incident or dispute.

On or about December 3, 1998 the parties entered into an agreement whereby defendants, L.M.L. Enterprises, a partnership (or association) comprised of Richard Levinson and his wife, Lisa Levinson offered to sell to Texlink International (the assignor of the claims to plaintiff herein) certain merchandise for a total sum of $30,000. The invoice in that regard is attached hereto as Exhibit "A".

In compliance with that agreement, Texlink (plaintiff's assignor) paid the sum of $30,000 to the defendants, and each of them, for this merchandise. A copy of the check for such payment is attached hereto as Exhibit "B". However, on or about December 30, 1998 the defendants breached the contract by failing to deliver or otherwise supply the goods that were purchased and simply retained the $30,000 that had been paid.

Based thereon, plaintiff has filed causes of action for breach of written contract pursuant to the written invoice and, causes of action for money lent and money had and received and account stated. A cause of action for fraud has also been filed, along with a cause of action for unfair business practices.

With respect to the cause of action for unfair business practices, it is the contention of plaintiff that the defendants, and

2

 

1   each of them, had previously entered into a series of transactions

2   with plaintiff's assignor, involving minimal amounts of money all

3   designed by defendants to gain the trust of plaintiff's assignor.  It

4   is contended that defendants engaged in this systematic course of

5   conduct for the ultimate purpose of then inducing plaintiff's

6   assignor to provide $30,000 for the purchase of certain merchandise,

7   which Merchandise was never supplied.  Plaintiff and his assignor are

8   now informed and believe the merchandise never existed and that

9   defendants entered into the said transaction for the sole purpose of

10  obtaining the subject $30,000 from plaintiff's assignor, with no

11  intention of providing the merchandise called for under the subject

12  contract.

13      It is the contention of plaintiff that this ongoing plan and

14  scheme constitutes a violation of the California Business and

15  Professions Code Section 17200 and 17500 and that as a result, in

16  addition to being entitled to the reimbursement of the subject

17  $30,000, that plaintiff is entitled to the imposition of attorney

18  fees and treble damages.

19      To this end, in answers to interrogatories, defendant Richard

20  Levinson has admitted to being a convicted felon, charged with wire

21  fraud.  Plaintiff is now also informed and believes that the entirety

22  of defendants' plan and scheme herein was to deceive, defraud and

23  otherwise deprive plaintiff and his assignor of the subject $30,000

24  and so that Mr. Levinson could utilize same for the repayment of

25  gambling debts.

26      It is respectfully contended by plaintiff that there is no

27  defense to the instant matter and that defendants, and each of them,

28

3



1  received the subject $30,000, provided no consideration in exchange

2  therefor and under any theory are required to reimburse plaintiff

3  said sum, along with the other damages as provided by the California

4  Business and Professions Code.    To this end, defendants failed to

5  appear at the F.S.C. in this matter and their counsel advised of his

6  belief that the defendants hold no defense herein.    Consistent

7  therewith, defendants failed to file/exchange any exhibit or witness

8  list and should be precluded from introducing any evidence.

9

10  DATED:  July 9,  2001                    Respectfully submitted

11                                          PETERSON & BRYNAN

12

13                                    By: _____

14                                          JEFFREY BRYNAN
                                           Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                  4

# INVOICE

**L. M. L. ENTERPRISES**
146 S. Wetherly Dr. # 4
Los Angeles, CA  90048

2132

| INVOICE DATE | |
|---|---|
| 12/03/98 | |
| CUSTOMER'S ORDER NO. | 113098 |

**SOLD TO:**
Texlink international Inc.

450 S. Swall Dr

Beverly Hills Ca. 90211

**SHIP TO:**
Texlink

To be picked up

12/07/98

| SALESMAN | SHIPPED VIA | TERMS | F.O.B. |
|---|---|---|---|
| Levinson | self | c.o.d. | |

| QTY. ORDERED | QTY. SHIPPED | DESCRIPTION | UNIT | AMOUNT |
|---|---|---|---|---|
| 2,000 doz | | Asst. color lace bra | $10.00 | $20,000 |
| 2,000 doz | | Asst. Lace Panty | $5.00 | $10,000 |

Adams
812

**Invoice**

Total        $30,000



Ex. 3, p. 15 of 25



**PROOF OF SERVICE**
1013A (3) CCP Revised 1/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is:  **9430 Olympic Boulevard, Suite 400 Beverly Hills, CA 90212-4552.**
    On July 9__ , 2001, I served the foregoing document: **PLAINTIFF'S MSC BRIEF** on the interested parties in this action
__    by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
X    by placing __ the original **X** a true copy thereof enclosed in sealed envelopes addressed as follows:

    SEE ATTACHED LIST

**X**    BY MAIL
    __* I deposited such envelope in the mail at Beverly Hills, California.  The envelope was mailed with postage thereon fully prepaid.
    **X**  I caused such envelope to be deposited in the mail at Beverly Hills, California.  The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.  Executed on July 9__ , 2001, at Beverly Hills, California.

**XX**    (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
__    (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                      GAIL CANDIOTTI

* (By mail signature must be of person depositing envelope in mail slot, box or bag)
** (For personal service signature must be that of messenger)

5

PETERSON & BRYNAN    H850.004\MSC-BRIEF    PLAINTIFF'S MSC BRIEF

**Ex. 3, p. 16 of 25**

1 | Manuel del Pomar, Esq.
2 | 1534 Greenfield Avenue
3 | Los Angeles, California 90025

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

24 | I certify that this is a true and correct copy of the original
25 | on file in or issued from this office, containing of ___ pages

26 | DAVID W. SLAYTON, Executive Officer / Clerk of the
27 | Superior Court of California, County of Los Angeles

Date: MAR 15 2023    By: _____ Deputy
    JC CORTEZ

28 | 6



I certify that this is a true and correct copy of the original
on file in or issued from this office, consisting of 2 pages.

DAVID W. SLAYTON, Executive Officer / Clerk of the
Superior Court of California, County of Los Angeles.

Date: MAR 1 5 2023    By: _____ , Deputy

K. CORTEZ

1 | Jeffrey Brynan, State Bar No. 70304
PETERSON & BRYNAN
2 | 9430 Olympic Boulevard, Suite 400
Beverly Hills, CA 90212-4552
3 | Telephone: (310) 552-3035
Facsimile: (310) 556-1484
4

**FILED**
LOS ANGELES SUPERIOR COURT
JUN 1 4 2001
JOHN A. CLARKE, CLERK
BY M. FREGOSO, DEPUTY

5

6 | Attorneys for Plaintiff

7

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF LOS ANGELES

10

JAY HERZOG                                    )    CASE NO.:  BC 230085
11 |                                           )
                          Plaintiff,          )    (Case Assigned to
12 |                                           )    Honorable Irving S. Feffer
          vs.                                 )    Department 51)
13 |                                           )
LISA LEVINSON, individually and)               JOINT EXHIBIT LIST
14 | dba L.M.L. ENTERPRISES; RICHARD)
LEVINSON  individually  and  dba)              TRIAL DATE: July 17, 2001
15 | L.M.L.   ENTERPRISES;   L.M.L.)            DEPT:        51
ENTERPRISES; and Does 1 through)
16 | 100, inclusive,                           )
                                              )
17 |                         Defendants.       )
                                              )
18 | _____)

19

20

21 | TO THE COURT:

22 | Plaintiffs and defendants hereby submit this Joint Exhibit List

23 | for the Trial set in the above-entitled matter on July 17, 2001.

24

25

26

27

28

1

PETERSON
& BRYNAN

H850.004\exhibitl.jt    JOINT EXHIBIT LIST

**Ex. 3, p. 19 of 25**

EXHIBITS

BY PLAINTIFF:

Exhibit No. 1 - That certain check no. 0015242 from Continental
                Business Credit, Inc. to LML Enterprise, dated
                December 9, 1998.

Exhibit No. 2 - That certain invoice #2132 on LML Enterprises
                letterhead, dated December 3, 1998 for sale
                of merchandise described to Texlink, Customer
                order number 113098.

Plaintiff further intends to introduce any and all documents
as necessary for rebuttal and as otherwise permited by law and
all discovery requests and responses, propounded and served in
this case.

BY DEFENDANTS:

Defendants have failed to communicate in any fashion to prepare
this exhibit list and have offered no exhibits for identification
nor inclusion herein.


June 13, 2001                          Respectfully submitted,

                                       PETERSON & BRYNAN


                                       BY JEFFREY BRYNAN
                                       Attorneys for Plaintiff

2

Ex. 3, p. 21 of 25



**CONTINENTAL**
BUSINESS CREDIT INC

16027 Ventura Boulevard, Suite 610
Encino, California 91436-2751

№ **0015242**    62-26/311    0000518

DATE  December 9, 1998

PAY  ***Thirty thousand 6 n0/100**    DOLLARS  $ ***30,000.00***

TO THE ORDER OF

J.R.L. Enterprises
146 S. Wetherly Dr. #4
Los Angeles, Ca 90048

Payable if Desired At:
UNION BANK OF CALIFORNIA, N.A.
California, Oregon, Washington
CHASE MANHATTAN BANK DELAWARE

CONTINENTAL BUSINESS CREDIT, INC.

AUTHORIZED AGENT

4302409958

# INVOICE

**L. M. L. ENTERPRISES**
146 S. Wetherly Dr. # 4
Los Angeles, CA 90048

2132

| INVOICE DATE | 12/03/98 |
|---|---|
| CUSTOMER'S ORDER NO. | 113098 |

**SOLD TO:**
Texlink international Inc.

450 S. Swall Dr

Beverly Hills Ca. 90211

**SHIP TO:**
Texlink

To be picked up

12/07/98

| SALESMAN | SHIPPED VIA | TERMS | F.O.B. |
|---|---|---|---|
| Levinson | self | c.o.d. | |

| QTY. ORDERED | QTY. SHIPPED | DESCRIPTION | UNIT | AMOUNT |
|---|---|---|---|---|
| 2,000 doz | | Asst. color lace bra | $10.00 | $20,000 |
| 2,000 doz | | Asst. Lace Panty | $5.00 | $10,000 |

Adams '812

**Invoice**

Total  $30,000

**PROOF OF SERVICE**
1013A (3) CCP Revised 1/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California.
I am over the age of 18 and not a party to the within action; my
business address is:  **9430 Olympic Boulevard, Suite 400**
**Beverly Hills, CA 90212-4552.**
    On ʄᴜɴᴇ 13    2001, I served the foregoing document:  on
the interested parties in this action: Exhibit List
___    by placing the true copies thereof enclosed in sealed envelopes
       addressed as stated on the attached mailing list:
X      by placing ___ the original **X** a true copy thereof enclosed in
       sealed envelopes addressed as follows:

    SEE ATTACHED LIST

**X**    BY MAIL
    ___*  I deposited such envelope in the mail at Beverly Hills,
    California.  The envelope was mailed with postage thereon fully
    prepaid.
    **X**   I caused such envelope to be deposited in the mail at
    Beverly Hills, California.  The envelope was mailed with postage
    thereon fully prepaid.

I am "readily familiar" with firm's practice of collection and
processing correspondence for mailing.  It is deposited with U.S.
postal service on that same day in the ordinary course of business.
I am aware that on motion of party served, service is presumed postal
service on that same day in the ordinary course of business.  I am
aware that on motion of party served, service is presumed invalid if
postal cancellation date or postage meter date is more than 1 day
after date of deposit for mailing in affidavit.  Executed on
ʄᴜɴᴇ 13    2001, at Beverly Hills, California.

**XX**    (State)    I declare under penalty of perjury under the laws of
                   the State of California that the above is true and
                   correct.
___    (Federal)  I declare that I am employed in the office of a member
                   of the bar of this court at whose direction the
                   service was made.

                                            GAIL CANDIOTTI

* (By mail signature must be of person depositing envelope in mail
slot, box or bag)
** (For personal service signature must be that of messenger)

                                3

1

2    Manuel DelPomar, Esq.
     1534 Greenfield Avenue
3    Westwood, CA 90025

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    I certify that this is a true and correct copy of the original
      on file in or issued from this office, consisting of ___ pages.
24

25    DAVID W. SLAYTON, Executive Officer / Clerk of the
      Superior Court of California, County of Los Angeles
26

27    Date: MAR 1 5 2023    By: _____ Deputy
                                    K. CORTEZ

28

4



I certify that this is a true and correct copy of the original
on file in or issued from this office, consisting of ⬡ pages.

DAVID W. SLAYTON, Executive Officer / Clerk of the
Superior Court of California, County of Los Angeles.

Date: MAR 1 5 2023    By: _____, Deputy

K. CORTEZ

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled (*specify*): PLAINTIFF DENNIS GEWANT'S RESPONSE
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, with three exhibits, Statement of Genuine Issues, and
Declaration of Dennis Gewant

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)   04/08/2023  , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

(Judge's Copy) Hon. Julia W. Brand, United States Bankruptcy Court, 255 E. Temple Street, Suite 1382 / Courtroom
1375, Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)   04/07/2023  , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

Defendants' counsel via email per written agreement: David S Hagen, DavidHagenLaw@gmail.com

To Defendants through Richard Levinson: richlevinson@prodigy.net

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/07/2023 | Dennis Gewant, as to emailing | _(signature)_ |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

4/8/2023   S. INSUL, AS To MAILING Judge's copy

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**