Dennis Gewant DBA Atlas Judgment Recovery
269 S Beverly Dr, Ste 102, Beverly Hills, CA 90212
Tel: 310-276-4900 / Fax: 310-273-6432
Email: atlasjudgmentrecovery@gmail.com
Assignee of Record, Creditor, and Plaintiff, Pro Se

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re Richard Irving Levinson and Lisa Marie Levinson,<br><br>Debtors | Case No.: 2:22-BK-15330-WB<br>Chapter 7 Proceeding<br>Adv. Proc. No. 2:22-AP-01218-WB<br>DC NO.: DG-5 |
|     Dennis Gewant DBA Atlas Judgment Recovery,<br><br>    Plaintiff,<br><br>v.<br><br>Richard Irving Levinson and Lisa Marie Levinson,<br><br>    Defendants | **DENNIS GEWANT'S REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Noticed Hearing Date:<br>Time: June 6, 2023, 2:00 PM<br>Courtroom: 1375<br>Judge: Hon. Julia W. Brand |

TABLE OF CONTENTS

A. SUMMARY ...................................................................................................3

B. REPLIES TO STATEMENTS IN THE OPPOSITION.................................................3

C. CONCLUSION ...............................................................................................7

TABLE OF AUTHORITIES

**Cases**

*In re Zuckerman*, (B.A.P. 9th Cir. 2020) 613 B.R. 707, 718 ....................................6

**Rules**

FRBP 1001 ....................................................................................................3

FRCP 1 .........................................................................................................3

## A.  SUMMARY

The Levinsons have doubled down on their attempt to have a *non*-speedy*, un*just*,* and

*expensive* resolution to this legal dispute in violation of FRCP 1 and FRBP 1001. Their

Opposition to Gewant's Motion fails to successfully rebut a single point in the Motion.

Moreover, the Opposition is laden with more of the same whole-cloth fabrications of legal

requirements and improper, non-genuine "disputes" of facts and conclusions that are clearly

established by the state court record as did the Levinsons' Motion for Summary Judgment

("DMSJ", DE #12). That record meets all the requirements to preclude any non-summary

relitigation of the sole relevant issue: fraud under California law and Ninth Circuit bankruptcy

law. A *re*trial would work manifest injustice on Gewant and Herzog, and be a sheer waste of the

Court's time.

## B.  REPLIES TO STATEMENTS IN THE OPPOSITION

**Opposition:** Rather than recite the underlying facts that led to the underlying state
court judgment, Gewant merely recited the timeline of the timing underlying the
judgment and seeks issue preclusion from this Court with respect to the entire state court
judgment." 2:14-18. "…Gewant has not alleged any specific facts concerning the
underlying conduct…". 3:5-6. "[T]he nondischargeability complaint does not recite the
debtor's wrongful conduct, but merely relies on the pre-existing state court judgment…"
5:16-18. "[T]he state court complaint itself sheds little light, as it just makes conclusory
allegations concerning the underlying transaction…"

**Reply:** Defendants made the same false statement in their DMSJ. Gewant not only

disproved the statement in his Response, but also showed the Defendants' knowledge of the

falsity of their statement: "The Answer (DE #4, 3:12) denied the five paragraphs [pp. 6-7, paras.

20-24] of the Complaint in which those allegations were explicitly made…". DE #18, 24:7-26.

Those paragraphs in turn summarized roughly 3-½ pages of detailed allegations in the original

state court Complaint. Ex. 5 to DE #1, pp. 3-6. Those allegations were clearly factual, not

mainly conclusory. Surely, with the Levinsons paying for more than a year's worth of legal

defense leading up to and through trial, they would have brought and prevailed on a motion to

dismiss, had those allegations not been sufficiently non-conclusory to support moving forward

past the motion to dismiss stage. Moreover, Judge Feffer could have found cause to dismiss on

his own motion. Since he did not, he "necessarily found" that the Complaint was legally

sufficient. That finding, like all his other findings, cannot be attacked at this stage.

> **Opposition:** "What was the record on which the underlying judgment was based? There
> apparently were no findings of fact requested or adopted by the trial court. There is no
> court transcript of the testimony adduced or the exhibits referred to. How is this Court to
> determine whether the elements of each cause of action were supported by sufficient
> evidence?" 4:17-22.

> **Reply:** Here again, Defendants try to erect a hoop that Gewant must jump through ("the

testimony adduced [and] the exhibits referred to"), but they do not cite legal authority for the

existence of any such hoop.

The legal conclusions reached by the state court were clear from the judgment. All the

elements necessary to support a conclusion of fraud were "necessarily decided" to exist by the

state court, because to assume otherwise is to presume that that court committed reversible

error. Such a conclusion here would be a collateral attack on a final judgment that was fully

litigated, and is simply not permitted. The facts were simple enough. Representations were

made, which Texlink had reason to trust. An order was paid for, product was never delivered,

---

PLAINTIFF DENNIS GEWANT'S REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

no part of the payment was ever refunded, and no explanation or excuse for this ripoff was provided in the Defendants' state court Answer.

At trial the Defendants appeared but did not testify, helping eliminate any doubts that Judge Feffer might have had as to the Levinsons' culpability "on all counts plead" including both the fraud and the BPC 17500 violation for which punitive damages were awarded. State court judgment, Ex. 3 to the DMSJ. Contrary to the opposition statement above, the exhibits considered by Judge Feffer were specifically listed in the trial minute order. Ex. 2 to the DMSJ.

Gewant's predecessors-in-interest Texlink and Herzog jumped through all the required hoops, and the record before this Court makes that perfectly clear.

> **Opposition:** "What evidence was adduced that the defendants intended to induce reliance?". 6:2-3. "Without being able to cite to the specific evidence which would invoke this particular statute such that it is applies in the nondischargeability context, the Court must conclude that it can not exercise issue preclusion with respect to the Court's judgment on the Section 17200 and [17500] claims." 9:1-5.

**Reply:** The implication of the rhetorical question is simply absurd. No business will stay in business for long if it gives away $30,000 without receiving a promise of reasonably equivalent value in return.

Again, Defendants have pointed to no citation of any legal requirement that the evidence adduced in support of each claim must be evident from the record. The Defendants themselves quote from the state court Complaint to the effect that "[p]rior to December of 1998 plaintiff's assignor and defendant conducted several business transactions involving minimal amounts of

money all designed by defendants to gain the trust of plaintiff's assignor." Is this Court supposed to presume that no credible testimony about that was given by Mr. Herzog? How long would it have taken to describe the basic facts of such transactions, then point to the larger $30,000 check and assert under oath that the promised merchandise was never delivered in exchange for that $30,000? The entire morning of trial was taken up by the Plaintiff's case, and then the Defendants chose not to testify. There was plenty of time for Mr. Herzog to testify as to all the relevant facts necessary to support the elements of "all counts plead." "Adverse inferences may be drawn from the silence of someone who may be reasonably expected to speak up in his own defense."

As for whether the there was any public impact, again, since the trial court necessarily decided that the elements of BPC 17500 were met by awarding judgment on all causes pled, that finding is not to be disturbed regardless of whether it was sufficient. See the next Reply immediately below.

**Opposition:** "THE ATTORNEY FEES AWARDED ARE NOT RELATED TO ANY FRAUD JUDGMENT". 10:5-6.

**Reply:** As Gewant stated before, the judgment is silent on the issue of attorney fees. Ex. 3 to the Defendants' own DMSJ, 2:17.

Also as pointed out before, *In re Zuckerman*, (B.A.P. 9th Cir. 2020) 613 B.R. 707, 718, held that a bankruptcy court "need not address the sufficiency of the state court's findings

because it necessarily decided the issues," and this applies to any award stated in the judgment. DE #18, 12:22-13:10.

## C. CONCLUSION

The "controlling facts" are clearly evident from the record, including the state court Complaint and trial Minutes, as are "the evidence adduced" and the "legal conclusions … reached at trial". The record meets all the tests required under caselaw. It would be manifestly unjust not to let the state court judgment stand, along with all accrued interest remaining unpaid. Bankruptcy relief is not intended for, or available to, dishonest debtors. This Court is bound by the evidence and the law to find summarily that the non-dischargeability of the Levinsons' debt to Gewant has already been proven by the preponderance of the evidence.

The waste of judicial and judgment enforcement resources caused by the conduct of Defendants and their agents should be billed to them. And that should happen without Gewant having to take the lead and spend even *more* resources than he already has been forced to do simply to maintain his position, as the assignee of a judgment for fraud.

Dated this _20_ day of May, 2023.

Respectfully submitted,

Dennis Gewant

Plaintiff/Judgment Creditor/Assignee of Record

---

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
269 S Beverly Dr, Ste 102, Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*):  DENNIS GEWANT'S  REPLY IN SUPPORT OF
HIS MOTION FOR SUMMARY JUDGMENT: MEMORANDUM OF POINTS AND AUTHORITIES

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:
    As a pro se litigant, I have no access to CM/ECF.

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)    05/20/2023    , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.
    Hon. Julia W. Brand, United States Bankruptcy Court, 255 E. Temple St., Courtroom 1375, Los Angeles CA 90012.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)    05/20/2023    , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
    Defendants' counsel via email per written agreement:
    David S Hagen, DavidHagenLaw@gmail.com
    To Defendants through Richard Levinson: richlevinson@prodigy.net

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/20/2023 | Dennis Gewant | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |
| 5/20/2023 | SHARON INCEL As To Judge's copy | |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**